UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JAMES OWEN COLLETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 25-199-DCR |
| ) | |
| v. ) | |
| ) | |
| CHARLES LANDON, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Collett is incarcerated at the Casey County Detention Center in Liberty, Kentucky. Proceeding without an attorney, Collett filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] Collett names his state criminal defense attorney as a Defendant, alleging that he provided ineffective assistance during the plea bargaining and plea agreement stages of his criminal cases in the Montgomery Circuit Court. [*See id.* at 2, 4] Collett seeks injunctive relief in the form of an order appointing a new criminal defense attorney. [*Id.* at 8]

Having conducted an initial screening of this matter, Collett's Complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). A civil rights claim pursuant to 42 U.S.C. § 1983 must ultimately "'satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). Collett's pleading does not satisfy either element.

Collett has not sufficiently alleged the deprivation of a right secured by the Constitution or laws of the United States. While Collett claims that his state criminal defense attorney provided him with ineffective assistance, he does not explain in any clear way what the attorney specifically did (or failed to do) during the plea bargaining and plea agreement stages to cause him harm or otherwise violate his rights. Moreover, even if Collett had offered more detailed factual allegations, the United States Court of Appeals for the Sixth Circuit has made it clear that "[d]efense attorneys, whether compensated by the State or retained by a client, *do not* act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)) (emphasis added). Thus, Collett's standalone civil rights claim against his attorney is simply unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Collett's Complaint [Record No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: June 12, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky